UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| LAWRENCE WHITE,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>SOCIAL SECURITY OFFICE,<br><br>　　　　Defendants | Case No. 2:23-cv-2058-EJY<br><br>**ORDER** |

　　Pending before the Court is Plaintiff's second *in forma pauperis* application and previously filed Complaint. ECF Nos. 1-1, 7.

　　Plaintiff's second *in forma pauperis* application is incomplete. The signature, title, and date on the Financial Certificate are blank. ECF No. 7 at 4. Thus, the application is incomplete and denied without prejudice.

　　Plaintiff's Complaint states only that he filed for Social Security benefits, he has not "been accepted," and he is suing for his check. ECF No. 1-1 at 2. A prerequisite to bringing a civil action against the Social Security Administration requires Plaintiff to exhaust his administrative remedies as set forth in the Social Security Act. 42 U.S.C. § 405(g). "Section 405(g) provides that a civil action may be brought only after (1) the claimant has been party to a hearing held by the [Commissioner of Social Security], and (2) the [Commissioner of Social Security] has made a final decision on the claim." *Bass v. Social Sec. Admin.*, 872 F.2d 832, 833 (9th Cir. 1989). What constitutes a "final decision" is defined through agency regulations rather than statutory text. 42 U.S.C. § 405(a). Generally, if the Social Security Administration denies an application for disability benefits, the claimant can request reconsideration of the decision. 20 C.F.R. §§ 404.900(a)(2), 404.907-404.909 and 404.920. If the claim is denied upon reconsideration, a claimant may request a hearing before an Administrative Law Judge ("ALJ"). 20 C.F.R. §§ 404.900(a)(3), 404.930 and 404.933. If the ALJ denies the claim, a claimant may request review of the decision by the Appeals Council. 20 C.F.R. §§ 404.900(a)(4) and 404.955. If

the Appeals Council declines to review the ALJ's decision, the ALJ's ruling will stand as the final decision, and a claimant may then request review by the United States District Court. 20 C.F.R. §§ 404.900(a)(5) and 404.981.

Plaintiff does not demonstrate he has exhausted his administrative remedies. *See* ECF No. 1-1. Thus, Plaintiff's Complaint fails to state a claim upon which relief may be granted.

Accordingly, IT IS HEREBY ORDERED that Plaintiff's Complaint (ECF No. 1-1) is dismissed without prejudice.

IT IS FURTHER ORDERED that Plaintiff 's second *in forma pauperis* application (ECF No. 7) is DENIED without prejudice.

IT IS FURTHER ORDERED that Plaintiff is given **one** additional opportunity to file a complete *in forma pauperis application*.

IT IS FURTHER ORDERED that Plaintiff is also provided **one** additional opportunity to file a complaint that demonstrates exhaustion of his administrative remedies as explained above.

IT IS FURTHER ORDERED that Plaintiff has through and including **February 5, 2024** to file the complete *in forma pauperis* application and an amended complaint demonstrating exhaustion of his administrative remedies.

IT IS FURTHER ORDERED that failure to file a complete *in forma pauperis* application and amended complaint demonstrating exhaustion of administrative remedies will result in dismissal of Plaintiff's case.

Dated this 29th day of December, 2023.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE